# Winton v. Irwin.

### *Assumpsit.*

(Decided December 16, 1913. Rehearing denied February 3, 1914. 64 South. 525.)

*Assignments; Future Earnings.*—Under section 2, Acts 1911, p. 370, excepting assignments to secure payments for clothing, it was immaterial that the debt for the clothing was created before the enactment of the statute.

(Thomas, J., dissents.)

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by S. W. Irwin against the Louisville & Nashville Railroad Company on a written order or assignment of the wages of one Willie Bankston. The railroad company deposited the amount due Bankston in court, and suggested S. M. Winton as the claimant of the fund, who was substituted as party defendant upon his claiming said fund. Judgment for plaintiff against

substituted defendant, and he appeals. Reversed and remanded.

TIDWELL & SAMPLE, and C. L. PECK, for appellant. Appellant's assignment was prior to the assignment of appellee, and the record fails to show whether or not the money was earned subsequent to the execution of the assignment to appellant, unless the court can indulge the assumption that the wages were earned subsequent to that time, then appellant was entitled to recover on his assignment as it was prior in date. At common law the assignment was valid.—*Harrison v. R. R. Co.,* 26 South. 790; *Payne v. Mayor, etc.,* 4 Ala. 333; *Jones v. Lowery Banking Co.,* 104 Ala. 252; *Wellborn v. Buck,* 21 South. 796. It is immaterial whether the wages were earned before or after the passage of the Acts of 1911.

WERT & LYNNE, for appellee. He who first trusted must first suffer, where one of two equally innocent persons must suffer for the fraud of a third.—*Bassett v. Norsworthy,* 23 Eng. Rep. 55. The first assignee who gives notice gains priority.—36 Eng. Rep. 475; 16 Mo. 416; 3 Ia. 93; 60 Am. 167; 11 L. R. A. (N. S.) 474; 66 L. R. A. 765. The duty rested on appellant to notify the railroad company of his assignment.—44 L. R. A. 634. No consideration passed at the time of the assignment to Winton, and an old debt was not a sufficient consideration to defeat the statute.—*Frow, et al. v. Downman,* 11 Ala. 885; 4 Cyc. 79.

PELHAM, J.—This suit originated in a justice of the peace court, and was brought by S. W. Irwin, the appellee, against the Louisville & Nashville Railroad Company to recover $25 on a written order or assignment

of the wages of one Willie Bankston, an employee of the defendant railroad company. The L. & N. R. R. Co., as defendant in the suit, appeared and deposited the sum of $13 as the amount due by it to Bankston for wages, and filed an interpleader under the statute, and suggested, among other claimants for the fund, S. M. Winton, the appellant, who appeared in the justice court and was substituted as party defendant, and, after judgment was rendered against him there, appealed the case to the circuit court. The case coming on to be heard in the circuit court, and being tried before the court without a jury, a judgment was rendered in favor of the appellant, Winton, but on a subsequent day of the term, on motion of the appellee, Irwin, the court set aside this judgment for the substituted defendant, Winton, and entered a judgment in favor of the appellee, the plaintiff in the suit, from which judgment the appellant brings this appeal, and assigns, among other errors, the action of the court in setting aside the judgment in his favor, granting a new trial, and rendering judgment for the appellee.

The appellant and appellee each base their right to recover the money deposited in court by the original defendant on written orders or assignments made to them at different times by Bankston. The assignment relied upon by appellant was prior in date to appellee's; the former being dated November 21, 1911, and the latter, December 21, 1911. The record does not show whether the money deposited in court as the wages due Bankston for services was earned subsequent to the assignment to appellant or not, but it is shown that, if subsequently earned, it was earned within 30 days from the date of such assignment, for it was shown that Bankston quit work for the L. & N. R. R. Co., on the 19th or 20th of December, 1911, and the sum deposited

[Winton v. Irwin.]

was for wages earned during the term of his employ-
ment that ceased at that time. This being true, the as-
signment to appellant would not be void under the act
approved April 12, 1911 (Acts 1911, p. 370), to regulate
the assignment of unearned wages, as it would fall un-
der the exception made by section 2 of said act. The
undisputed evidence showed the assignment to appel-
lant to have been given to secure a payment for cloth-
ing, bringing it within the provisions of the exception
made in section 2.

The argument of appellee's counsel, in brief, that,
the consideration for the assignment to appellant being
for a debt created prior to the enactment of April 12,
1911, it could not therefore be within the legislative
intention that it should be excepted under the provi-
sions of section 2 of the act, falls to the ground, under
the undisputed testimony that the assignment to appel-
lant was given to secure the payment of a debt for cloth-
ing created but two months before the date of assign-
ment. The contention of the appellee that the prior as-
signment to appellant was not perfected by his giving
notice to the debtor, and that he thereby lost his prior-
ity, and that the appellee's subsequent assignment gain-
ed priority, must also fail, because of the undisputed
facts as disclosed by the bill of exceptions. It is shown
without conflict by the evidence set out that the appel-
lant gave notice to the debtor of the assignment to him
before the subsequent assignment relied upon by appel-
lee was made or executed.

The substituted defendant, the appellant, was en-
titled to a judgment on the undisputed evidence, and
the court was in error in setting aside its first judgment
and rendering judgment in favor of the appellee.

Affirmed.

THOMAS, J., dissenting, thinks the judgment should be affirmed, and not reversed; since he is of opinion that the assignment by Bankston of his wages to appellant (Winton) was void, and that, being void, such assignment, though made prior in point of time, cannot take precedence over the subsequent valid assignment · by Bankston of such wages to the appellee (Irwin). The reasons inducing his opinion that the first-mentioned assignment is void are that, although it does appear, as stated in the original opinion, that the assignment was made or given to secure payment for clothing (one of the articles named in section 2 of the act mentioned in the original opinion), it further also appears that the clothing was furnished two months prior to the assignment, and it does not appear that it was furnished under an agreement or upon the faith of a promise that the assignment would be subsequently made.

He is of opinin that, for the assignment to be good under said section 2 of the act mentioned, it must be either contemporaneous with the creation of the debt for the necessaries mentioned in said section 2 (clothing, medicine, groceries, etc.), or, if subsequent, it must be made in pursuance of a previous promise to make it, made at the time the debt was created. In other words, he is of opinion that the exception set forth in said section 2 to the act making all assignments of wages void, except those named in the exception, was designed, not to enable the wage-earner to protect by such assignment a past debt, even though it be for clothing or the other necessaries named in the exception, but was designed solely to enable him to create a present debt for, and thereby supply his present needs in, such articles by such assignment or promise of assignment. The Legislature, in the first section of the act mentioned, declared in sweeping terms that all assignments of unearned

wages should be void, but, fearing that this might deprive the improvident wage-earner of the only means he might have of securing or procuring present necessities in either clothing, groceries, medicine, insurance, medical attention, or house rent, it created in his favor and for his benefit an exception in section 2 to the general rule declared in section 1. The exception was not to enable creditors to collect their debts against the wage-earner for the articles named, which they had advanced him on general credit, but to enable the improvident wage-earner, who had no general credit, to secure a present credit for those articles by an assignment then, or a promise then of a future assignment. If the power left him by the exception to assign his future wages, to be earned within 30 days, is permitted to be used in paying past debts, then he is deprived of the only means of procuring present necessities.